## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CODY J.V. FLESCH,<br><br>Plaintiff,<br><br>v.<br><br>TANNER LUND, *et al.*,<br><br>Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br><br>Case No. 2:20-CV-212-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

On March 30, 2020, Plaintiff submitted a motion for leave to proceed *in forma pauperis*. *See* Dkt. No. 1. That motion was granted on April 15, 2020. *See* Dkt. No. 2. Plaintiff's Complaint was filed the same day. *See* Dkt. No. 3. On February 25, 2021, the court ordered Plaintiff to amend his deficient complaint within 30 days. *See* Dkt. No. 4. The court expressly warned that "[i]f Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice." *Id.* at 6. Plaintiff did not file an amended complaint or otherwise respond to the court's order. On August 30, 2021, the court ordered Plaintiff to show cause why his complaint should not be dismissed for failure to prosecute. *See* Dkt. No. 5. Plaintiff again failed to respond. Indeed, Plaintiff has not communicated with the court in any way since he first filed his complaint over sixteen months ago.

Pursuant to Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "Although the language of Rule 41(b) requires that the

defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Courts also have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from plaintiffs' "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988).

This court's local civil rules thus provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution" and "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2. In determining whether dismissal with prejudice is appropriate, the Court applies the factors from *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992)—*i.e.*, "(1) the degree of actual prejudice to [the Respondent]"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the noncomplying litigant was warned that dismissal was a likely sanction; and (5) "the efficacy of lesser sanctions." *Id*. at 921 (internal quotation marks omitted). Dismissal with prejudice is appropriate when these factors outweigh the judicial system's preference for deciding cases on the merits. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 504 (10th Cir. 1991).

The *Ehrenhaus* factors are not "a rigid test; rather, they represent criteria for the district court to consider [before] imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921; *see*

*also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always be a discretionary function."); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.,* 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

 **Factor 1: Degree of actual prejudice to The Defendants**. Prejudice may be inferred from delay, uncertainty, and rising attorney's fees. *See Faircloth v. Hickenlooper*, No. 18-1212, 2018 U.S. App. LEXIS 36450, at *5 (10th Cir. Dec. 26, 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (recognizing substantial prejudice when the plaintiff "sparked months of litigation" and the defendants "wasted eight months of litigation"); *Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93–4 (10th Cir. 2011) (unpublished) (approving district court's observation that "delay would 'prolong for the defendants the substantial uncertainty faced by all parties pending litigation'") (citation omitted).

 Reviewing this case's docket, the court concludes that Plaintiff's neglect does not overtly prejudice the Defendants, except that, in general, passage of time can weaken evidentiary support for a position and prolong the uncertainty posed by pending litigation. This factor weighs in favor of dismissal with prejudice—but only slightly.

 **Factor 2: Amount of interference with the judicial process**. In *Jones*, the Tenth Circuit concluded that the plaintiff had significantly interfered with the judicial process when he did not

answer a show-cause order or join a telephone conference. *See* 996 F.2d at 265. Though Jones later argued that the district court could have abated the suit and revisited the status in three to six months, the court noted that abeyance would have delayed the proceedings for the other parties and the court. *See id*. The court said, "[i]n similar circumstances, we have held that a district court could find interference with the judicial process when the plaintiff 'repeatedly ignore[s] court orders and thereby hinder[s] the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party.'" *Id*. (citation omitted).

And, in *Villecco v. Vail Resorts, Inc*., the Tenth Circuit concluded that the plaintiff had "caused great interference with the judicial process by failing to provide the court with a current mailing address or an address that he regularly checked; respond to discovery requests; appear at his deposition; list any fact witnesses or otherwise comply with the court's Initial Pretrial Order, or respond to the Defendants' Motion to Dismiss." 707 F. App'x 531, 533 (10th Cir. 2017); *see also Taylor v. Safeway, Inc.*, 116 F. App'x 976, 978 (10th Cir. 2004) (affirming dismissal with prejudice under *Ehrenhaus* where "[t]he judicial process essentially ground to a halt when [Plaintiff] refused to respond to either the defendant[s' filings] or the district court's orders"). Simply put, "failure to respond to court orders cannot be ignored." *Davis*, 571 F.3d at 1062.

Likewise here, this court concludes that Plaintiff's failure to prosecute his case—*i.e.*, not complying with the court's order to amend his defective complaint and, after failing to do that, disregarding the court's order to show cause—necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." *Cosby v. Meadors,* 351 F.3d 1324, 1326-27 (10th Cir. 2003); *see also Oliver*, 2010 U.S. Dist. LEXIS 92836, at *6 (holding that the petitioner's noncompliance with rules and an order to show cause

4

showed disrespect for the court, the Defendants, and the judicial process, and concluding that, if the petitioner's case were not dismissed, the court's review of the merits of the petition would unnecessarily increase the court's workload and interfere with the administration of justice). Plaintiffs's failure to comply with the court's orders—or, if he has changed his address without notifying the court, his failure to put himself in a position to comply with the court's orders— shows disrespect for the court and the judicial process. His neglect has caused the court and its staff to spend unnecessary time and effort. The court's frequent review of the docket and preparation of orders to move this case along have increased the court's workload and hijacked its attention from other matters with parties who have met their obligations and deserve prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 U.S. Dist. LEXIS 72562, at *7 (D. Kan. Oct. 4, 2006).

This factor thus weighs strongly in favor of dismissal with prejudice. *See Kalkhorst,* 2018 U.S. Dist. LEXIS 215598, at *8-9; *see also Estate of Strong v. City of Northglen*, No. 1:17-cv-1276-WJM-SKC, 2018 U.S. Dist. LEXIS 211095, at *10 (D. Colo. Dec. 14, 2018) (report & recommendation) ("It is hard to fathom how failing to respond to orders of the federal district court would *not* interfere with the judicial process." (emphasis in original)).

**Factor 3: Litigant's culpability**. Evidence of culpability may be drawn from Plaintiff's failure to file an amended complaint as ordered and to update his address (if needed), his disregard of the order to show cause, and the passage of time. *See Villecco,* 707 F. App'x at 534; *see also Faircloth*, 2018 U.S. App. 36450, at *6 (finding culpability when plaintiff "had been

solely responsible for his failure to update his address [and] to respond to the show-cause order"); *Stanko v. Davis*, 335 F. App'x 744, 747 (10th Cir. 2009) (unpublished) ("For at least seven months, Stanko failed to follow this order. The district court ordered Stanko to show cause for this failure. Stanko made no effort to explain his failure regarding those seven months."); *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1265 (10th Cir. 1999) (holding plaintiff responsible for inability to receive court filings based on not notifying court of correct address).

At the outset of this case, Plaintiff was able to initiate this case on his own. *See* Dkt. Nos. 1, 3. But over sixteen months have now passed since Plaintiff's last filing—with no further word at all. And Plaintiff has not responded to the order to cure his deficient complaint, provided an updated address if needed (and as required), or complied with this court's order to show cause. *See Banks*, 680 F. App'x at 724; *see also Oliver*, 2010 U.S. Dist. LEXIS 92836, at *6–7 ("Applicant has, without any reasonable excuse, ignored [his duty to update his address]. Applicant has also failed to show cause why his case should not be dismissed or provide any justification for his failure to prosecute his case. Although Applicant's pleadings are construed liberally because he is proceeding pro se, he is not excused from his obligations to follow the same rules of procedure that govern other litigants. Therefore, the Court concludes that Applicant is culpable for his failure to follow the Local Rules and failure to litigate his case." (citation omitted.)).

This factor weighs in favor of dismissal.

**Factor 4: Whether court warned noncomplying litigant that dismissal was likely sanction**. In *Faircloth*, the court twice warned the plaintiff that failure to comply could result in dismissal. *See* 2018 U.S. App. 36450, at *7. On appeal, the Tenth Circuit rejected the plaintiff's

argument that he did not comply because he did not receive these warnings, explaining that "he could have received the warnings had he complied with the local rule requiring him to update his address. Because he did not, the court's only option was to mail documents to him at his last known address. These mailings constituted effective service [under Fed. R. Civ. P. 5(b)(2)(C)]." *Id*; *see also O'Neil v. Burton Grp*., 559 F. App'x 719, 722 (10th Cir. 2014) (unpublished) (affirming dismissal with prejudice for "a party's failure to appear, especially after the party has been warned repeatedly about the consequences of such failure").

Here, the court stated in its February 25, 2021 order that "[i]f Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice." Dkt. No. 4 at 6. The court reiterated that warning in its show cause order on August 30, 2021. *See* Dkt. No. 5. There can be no mistaking the court's intentions.

**Factor 5: Efficacy of lesser sanctions**. Also in *Faircloth*, the district court concluded that no lesser sanction than dismissal with prejudice could be effective when "[t]he court had been unable to receive a response from Mr. Faircloth and had no way of learning where Mr. Faircloth was or when he would disclose his new address." *Faircloth*, 2018 U.S. App. 36450, at *7–8. Given this uncertainty, "the court reasonably concluded that dismissal was necessary." *Id*.

Another case upheld dismissal when, "given [plaintiff's] failure to communicate, to respond to any notices or the Motion to Dismiss, or to comply with any deadlines, the [district] court found no lesser sanction than dismissal would be effective." *Villecco,* 707 F. App'x at 533. As the Tenth Circuit explained, "[a] lesser sanction would be ineffective because a stay would not have a 'real impact on [Plaintiff] in encouraging responsiveness.'" *Id*. at 535; *see also O'Neil*

*v. Burton Grp.*, 559 F. App'x 719, 722 (10th Cir. 2014) (unpublished) ("[S]imply because lesser

sanctions were available does not mean that the court was obligated to apply them.").

     In yet another appeal, the Tenth Circuit stated that, though "dismissal should be imposed

only after careful exercise of judicial discretion," it

> is an appropriate disposition against a party who disregards court
> orders and fails to proceed as required by court rules. . . . Dismissal
> of the [case] is a strong sanction to be sure, but it is no trifling
> matter for [a party] to abuse our office by disappearing and failing
> to meet our deadlines. The federal courts are not a playground for
> the petulant or absent-minded; our rules and orders exist, in part, to
> ensure that the administration of justice occurs in a manner that
> most efficiently utilizes limited judicial resources.

*United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855, 856 (10th Cir. 2005).

     It is true that, for a *pro se* party, "the court should carefully assess whether it might . . .

impose some sanction other than dismissal, so that the party does not unknowingly lose its right

of access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920 n.3. On the

other hand, "[m]onetary sanctions are meaningless to a plaintiff who has been allowed to

proceed *in forma pauperis*." *Smith v. McKune*, 345 F. App'x 317, 320 (10th Cir. 2009)

(unpublished).

     Again, although dismissal with prejudice is a drastic sanction, the Tenth Circuit has

"repeatedly upheld dismissals in situations where the parties themselves neglected their cases or

refused to obey court orders." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Dismissal is

therefore warranted when there is a persistent failure to prosecute the complaint. *See Meade v.

Grubbs,* 841 F.2d 1512, 1518 n.6, 1521-22 (10th Cir. 1988).

     Applying these principles, the court concludes that no sanction less than dismissal would

be effective. First, although Plaintiff is proceeding *pro se*, he is not excused of neglect. *See*

*Green,* 969 F.2d at 917. Second, Plaintiff has ignored this case long enough that it is doubtful monetary or evidentiary sanctions would be effective (even if such sanctions could be motivating for an indigent, *pro se* prisoner). Indeed, there is no way even to know whether Plaintiff is aware of this court's orders at this point. "It is apparent that Plaintiff is no longer interested in and/or capable of prosecuting his claims. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result." *Kalkhorst,* 2018 U.S. Dist. LEXIS 215598, at *12-13; *see also Oliver*, 2010 U.S. Dist. LEXIS 92836, at *7-8 ("[B]ased upon Applicant's unknown location, the Court doubts that a monetary sanction would be practical or effective. Further, Applicant's conduct impacts both the judicial system and The Defendants jointly, and considering that Applicant has essentially neglected his case, the Court finds that no lesser sanction would be effective.").

### CONCLUSION

For the foregoing reasons, the Complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED this 5th day of November, 2021.

BY THE COURT:

_____

Howard C. Nielson, Jr.
United States District Judge